UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH HASSON DRAKE, : | |
| : | |
| Plaintiff, : | Civ. No. 13-3868 (RBK) (KMW) |
| : | |
| v. : | **OPINION** |
| : | |
| ROSELLEN G. MUNIAK, et al., : | |
| : | |
| Defendants. : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Plaintiff is a state prisoner incarcerated at the South Woods State Prison in Bridgeton, New Jersey.  He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff's application to proceed *in forma pauperis* will be granted based on the information contained therein.  Thus, the Clerk will be ordered to file the complaint.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  For the following reasons, the complaint will be dismissed.  However, plaintiff shall be given leave to file an amended complaint.

## II.   BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening.  Plaintiff names the following individuals as defendants in this case:  (1) Rosellen G. Muniak – Law Librarian South Woods State Prison; (2) Sergeant M. Sheppard – South Woods State Prison; (3) Lieutenant "John Doe" – South Woods State Prison; (4) Christopher Holmes –

1

Warden South Woods State Prison; (5) Greg Lanoza – Assistant Administrator South Woods State Prison; (6) David Metelow – Education Supervisor South Woods State Prison; and (7) Greg Lanigan – Commissioner of the New Jersey Department of Corrections.  Plaintiff seeks monetary damages from each defendant.

    A.  <u>Allegations Against Defendants Muniak, Sheppard and Doe</u>

Plaintiff raises similar factual allegations against defendants Muniak, Sheppard and Doe.  First, plaintiff claims that these defendants violated his constitutional rights by reading and inspecting his legal materials.  He relies on the fact that the defendants stated on a disciplinary report that they reviewed data from a disk.  Plaintiff claims that these three defendants also conspired to deprive him of all of his legal materials by writing and issuing a disciplinary charge.

Next, plaintiff alleges that these three defendants not only read his legal materials but that they also confiscated his legal materials.  Plaintiff states that the defendants confiscated a disc that contained legal petitions addressed to the Essex County Superior Court to redress grievances.  By confiscating this material, plaintiff alleges he was unable to petition the courts for a redress of grievances.  Plaintiff also mentions that his post-conviction relief petition was denied on August 31, 2012.  By confiscating this material, plaintiff states that he had to do his legal research and writing all over again.  Plaintiff also alleges that the confiscation of his legal materials affected his ability to use the law library.  Thus, plaintiff alleges that confiscating his legal materials deprived him of access to the courts.

Plaintiff also contends that these three defendants deprived him of assisting other inmates with their legal matters.  Indeed, as an example, plaintiff notes that his confiscated disc also contained the legal materials of other prisoners.

Plaintiff also claims that defendants Muniask, Sheppard and Doe deprived him of using the photocopying service by confiscating his legal materials.

Plaintiff further states that the three defendants have violated his rights by not informing him of the rules and procedures of the South Woods State Prison. Specifically, plaintiff alleges he was not informed as to the rules and procedures concerning personal computers/word processors.

Finally, plaintiff alleges that these three defendants are liable to plaintiff pursuant to 42 U.S.C. §§ 1983, 1985 and 1986.

 B. <u>Allegations Against Holmes</u>

Plaintiff alleges that he wrote to Warden Holmes on November 9, 2012 that his rights were being violated at South Woods State Prison with respect to his legal materials being confiscated. Holmes responded to plaintiff on November 15, 2012, and instructed plaintiff that he needed to use the inmate remedy system to pursue this issue.

Plaintiff claims that Holmes failed to intervene to correct the unconstitutional actions of Muniak, Sheppard, Lonoza, Metelow and Doe, whom he supervises. Plaintiff claims that Holmes is liable pursuant to 42 U.S.C. §§ 1983, 1985 and 1986.

 C. <u>Allegations Against Lanoza</u>

Plaintiff asserts that he wrote to several New Jersey Department of Corrections' employees on December 19, 2012 concerning that his rights were being violated at the South Woods State Prison. He further claims that Lanoza failed to intervene to stop the unconstitutional actions of defendants, Muniak, Sheppard, Metelow and Doe, whom he supervises. He alleges that Lanoza is liable to him pursuant to 42 U.S.C. §§ 1983 and 1986.

D. Allegations Against Metelow

Plaintiff alleges that he wrote to Metelow on February 21, 2013 to notify him that his rights were being violated at the South Woods State Prison. Plaintiff requested that Metelow instruct Muniak to comply with affording him his constitutional rights concerning his legal materials being confiscated. Metelow wrote back to plaintiff on March 13, 2013, and stated that the information that plaintiff submitted needed to be placed on the inmate remedy form.

Plaintiff claims that Metelow failed to intervene to correct the unconstitutional actions of Muniak, whom he supervises. Plaintiff asserts that Metelow's inaction caused him harm as his legal materials being prepared for an upcoming court proceeding were confiscated in violation of his constitutional rights.

E. Allegations Against Lanigan

Plaintiff wrote to Lanigan on November 28, 2012 to notify him that his rights were being violated at the South Woods State Prison concerning his legal materials being confiscated. Plaintiff claims that Lanigan failed to intervene to correct the unconstitutional actions of the defendants that he supervises as the Commissioner of the New Jersey Department of Corrections. Plaintiff claims that Lanigan's inaction cause him harm as legal materials he had prepared for upcoming legal proceedings were confiscated.

### III.   STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a

claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B.  <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

> District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.     DISCUSSION

A. <u>Claims Against Defendants Rosellen G. Muniak, Sergeant M. Sheppard and Lieutenant John Doe</u>

As previously described, plaintiff raises several claims against defendants Muniak and Sheppard as well as an unnamed John Doe Lieutenant. Each of his claims are considered in turn.

   i.   *Reading Legal Materials Claim*

Plaintiff first alleges that defendants Muniak, Sheppard and Doe are liable under the First Amendment for reading his legal materials. A plaintiff may state a First Amendment claim against defendants who read his legal materials if he alleges that there was a pattern or practice of opening and reading his legal materials outside of his presence. *See Schreane v. Holt*, 482 F. App'x 684, 676-77 (3d Cir. 2012) (per curiam) ("Prisoners may establish a violation of the First Amendment without establishing actual injury where there is a pattern and practice of opening properly marked incoming legal mail outside the prisoner's presence.") (citing *Jones v. Brown*,

6

461 F.3d 353, 359 (3d Cir. 2006)); *see also Thompson v. Hayman*, No. 09-1833, 2011 WL 2652185, at *5 (D.N.J. July 6, 2011) (same).

Plaintiff does not allege that the defendants have engaged in a pattern or practice of reading his legal materials.  Instead, the complaint alleges that his legal material were read and confiscated once.  Furthermore, the complaint does not allege that this solo incident was due to an improper motive.  Therefore, plaintiff fails to state that his First Amendment rights were violated because his legal materials were purportedly read by defendants Muniak, Sheppard and/or Doe.  *Accord Ortiz v. Prison Bd. Members*, No. 08-2126, 2011 WL 776195, at *4 (M.D. Pa. Feb. 28, 2011) (finding amended complaint failed to state First Amendment claim where there was no assertion that mail was opened outside of his presence pursuant to any pattern, practice or policy); *Hale v. Pennsylvania Dep't of Corr.*, No. 07-0345, 2010 WL 3791833, at *3 (M.D. Pa. Sept. 16, 2010) ("Isolated incidents of opening legal mail outside of an inmate's presence, without any evidence of improper motive, is nothing more than an assertion of negligence, and is insufficient to establish a constitutional violation.") (citations omitted). Accordingly, this claim will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

      ii.     *Confiscation of Legal Materials Claim*

Plaintiff next raises several allegations related to the confiscation of his legal materials. More specifically, plaintiff alleges that the defendants confiscated a disc containing legal petitions addressed to the Essex County Superior Courts seeking to redress grievances.  He further alleges that the confiscation also deprived him of the right to participate in the use of the law library reference materials.

Plaintiff argues that his First and Fourteenth Amendment rights were violated by being denied access to the courts. "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' – that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit." *Id.* (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Thus, to satisfy the requisite pleading requirements, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id.* at 205-06 (footnote omitted) (citing *Christopher*, 536 U.S. at 416-17).

In *Monroe*, the Third Circuit determined that the complaint failed to state an access to courts claim upon which relief could be granted and stated the following:

> In this case, the defendants confiscated all of the plaintiffs' contraband and non-contraband legal materials, including their legal briefs, transcripts, notes of testimony, exhibits, copies of reference books, treatises, journals, and personal handwritten notes. In their initial pleadings, the plaintiffs' claim rested solely on the ground that the defendants confiscated their legal materials, contraband and non-contraband alike. That claim, on its face, was insufficient to state a claim under *Harbury*. So too were their subsequent amendments, which alleged that they lost the opportunity to pursue attacks of their convictions and civil rights claims but did not specify facts demonstrating that the claims were nonfrivolous. Nor did they maintain that they had no other remedy to compensate them for their lost claims. Even liberally construing their complaints as we must do for *pro se* litigants, they do not sufficiently allege that they have suffered an actual injury.

536 F.3d at 206 (internal citation and footnote omitted).

8

Plaintiff fails to describe the underlying arguable claims that he was prevented from raising due to the confiscation of his legal materials. Therefore, pursuant to the pleading standards set forth in above, plaintiff has failed to state a First and Fourteenth Amendment access to the courts claim. As it is possible that an amendment could cure this deficiency, the dismissal of this claim will be without prejudice.

Plaintiff also alleges that the confiscation of his legal materials violated his Eighth Amendment rights as it constituted cruel and unusual punishment. More specifically, plaintiff alleges that confiscating his legal materials constituted cruel and unusual punishment because it "caused him to do many house of research; hours of typing legal petitions, briefs, written notice, written motions, letters to courts, judges and attorneys all over again[,]" and that this caused him to suffer from "mental anguish, stress, insomnia, loss of appetite, nauseated, anxiety, severe headaches, worrying and mood swings[.]" (Dkt. No. 1 at p. 5.)

To state a claim under the Eighth Amendment for cruel and unusual punishment, a plaintiff must allege both an objective and a subjective component. *See Wilson v Seiter*, 501 U.S. 294, 298 (1991), *see also Ali v. Suchocki*, 254 F. App'x 143, 145 (3d Cir. 2007) (per curiam) (citation omitted). Only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. *See Hudson v. McMillan*, 503 U.S. 1, 9 (1992). As to the objective component, only those deprivations denying the "minimal civilized measure of life's necessities," which includes food, clothing, shelter, sanitation, medical care and personal safety qualify as sufficiently grave to form the basis of an Eighth Amendment violation. *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010). As to the subjective component, the plaintiff must show that the prison official acted with deliberate indifference to the prisoner's health or safety. *See Wilson*, 501 U.S. at 298-99. Thus, "'the official must both be aware of

facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) (quoting *Farmer*, 511 U.S. at 837).

In this case, plaintiff fails to state an Eighth Amendment cruel and unusual punishment claim. Confiscating plaintiff's legal materials did not deny plaintiff the minimal civilized measure of life necessities such as food, clothing, shelter, sanitation, medical care or personal safety. Accordingly, this claim will be dismissed with prejudice as any potential amendment would be futile.

Finally, plaintiff argues that his Sixth Amendment rights were violated due to the confiscation of his legal materials. More specifically, plaintiff argues that he was not allowed to have the assistance of counsel, presumably to redress his grievances with the prison. Contrary to plaintiff's argument, he had no absolute constitutional right to counsel to proceed with his pursuit of prison grievances. *See Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997) ("The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants.") (citations omitted). Accordingly, plaintiff's Sixth Amendment claim will be dismissed with prejudice as any possible amendment would be futile.

   iii. *Legal Assistance to Other Inmates Claim*

Plaintiff also alleges that confiscating his legal materials prevented plaintiff from providing legal assistance to other inmates. Plaintiff states that the legal materials that were confiscated also contained the legal materials of other inmates. Plaintiff's arguments notwithstanding, inmate-to-inmate legal assistance does not receive any more constitutional protection than correspondence between inmates without legal assistance. *See Perotti v. Quinones*, 488 F. App'x 141, 145 (7th Cir. 2012) ("[I]nmates do not have a constitutional right to

provide legal assistance to other prisoners.") (citing *Shaw v. Murphy*, 532 U.S. 223, 231 (2001); *Watkins v. Kasper*, 599 F.3d 791, 797 (7th Cir. 2010)); *see also Payne v. Pummill*, No. 13-1172, 2013 WL 6175819, at *1 (S.D. Oh. Nov. 22, 2013) ("While the First Amendment right of prisoners for access to the courts is well-established, a prisoner has no independent right to assist other prisoners with their legal work.") (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999) (en banc)), *report and recommendation adopted by*, 2014 WL 272598 (S.D. Oh. Jan. 23, 2014); *Armstrong v. Coleman*, No. 11-1074, 2013 WL 3776919, at *11 (W.D. Pa. July 15, 2013) (noting that "inmate-to-inmate correspondence that includes legal assistance does not receive any more constitutional protection than correspondence between inmates without any legal assistance.") (citations omitted). Accordingly, plaintiff fails to state that he had a constitutional right to provide legal assistance to other inmates. Therefore, this claim will be dismissed with prejudice as any potential amendment would be futile.

      iv.    *Photocopying Services Claim*

Plaintiff also alleges that the defendants violated his right to photocopying services by confiscating his legal materials. According to plaintiff, by confiscating his legal materials, he "was unable to use the Legal Photocopying Services to send his legal petitions to the courts to redress" grievances. (*See* Dkt. No. 1 at p. 8.)

At the outset, the Court notes that prisoners do not have a right to free photocopies for use in lawsuits. *See Kelly v. York Cnty. Prison*, 325 F. App'x 144, 145 (3d Cir. 2009) (per curiam) (citing *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991); *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir. 1980)). Similar to plaintiff's access to the court's claim, this claim also fails as plaintiff fails to show that he was actually injured due to a purported failure to being

able to utilize the photocopying services. *Accord Kelly*, 325 F. App'x at 145. Therefore, this claim will be dismissed without prejudice for failure to state a claim.

      v.      *Failure to Inform Plaintiff of Rule Change Claim*

Plaintiff alleges that the defendants violated his rights by not informing him of the rules and procedures concerning personal computers and word processors at the South Woods State Prison. According to plaintiff, the defendants revised the personal computer/word processing agreement which led to a disciplinary charge being levied against plaintiff where plaintiff discovered that his legal materials had been read through.

It is unclear what constitutional basis plaintiff is attempting to raise this claim under. Accordingly, the Court finds that this claim lacks facial plausibility under the *Iqbal* standard. Nonetheless, plaintiff may be attempting to argue that the failure to inform him of the rule change caused his legal materials to be read through and ultimately confiscated which thereby violated his First Amendment right of access to the courts. However, for the reasons previously stated, plaintiff failed to state an access to the courts claim. Therefore, for the foregoing reasons, this claim will also be dismissed without prejudice for failure to state a claim.

      vi.      *Section 1985 and 1986 Claims*

Plaintiff next alleges that the defendants are liable under 42 U.S.C. § 1985 for conspiracy and 42 U.S.C. § 1986 for neglecting to prevent plaintiff from being injured. Section 1985 consists of three subsections dealing with various conspiracies to interfere with civil rights. Subsection (3) provides a remedy, generally, if two or more persons conspire or go on the premises of another, "for the purpose of depriving, either directly or indirectly, any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). To state a claim under § 1985(3), a plaintiff must allege, "(1) a conspiracy; (2)

for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (internal quotation marks and citations omitted). With respect to the second element, "a claimant must allege some racial *or perhaps otherwise class-based*, invidiously discriminatory animus behind the conspirators' action in order to state a claim." *Id.* at 135 (emphasis in original) (internal quotation marks and citation omitted).

In this case, no such allegations of discriminatory intent are set forth in the complaint. Accordingly, plaintiff fails to state a § 1985 claim against the defendants and the claim will be dismissed without prejudice.

Section 1986 of Title 42 states that:

> [e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured.

42 U.S.C. § 1986. Because plaintiff failed to state a conspiracy claim under § 1985, he also fails to state his related § 1986 claim against these three defendants. *See Heath v. Shannon*, 442 F. App'x 712, 718 (3d Cir. 2011) (per curiam) ("Because Health failed to state a conspiracy claim under § 1985, the District Court properly ruled that his related § 1986 claims also failed.") (citing *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980)). Thus, plaintiff's § 1986 claim will also be dismissed without prejudice.

      vii.    *State Law Claims*

It appears as if plaintiff is also attempting to bring state law claims against defendants Muniak and Sheppard as well as the unnamed John Doe Lieutenant. Indeed, plaintiff asserts that the defendants conspired against him separate and apart from his § 1985 conspiracy claims against these three defendants. To state a claim for civil conspiracy in New Jersey, "the plaintiff must allege that the defendant (1) entered into an agreement with at least one other person, (2) for the purpose of committing an unlawful act; and (3) one of the conspirators then took at least one overt act in furtherance of the agreement; and (4) plaintiff suffered some damage as a result." *White v. Taylor*, No. 10-5485, 2013 WL 4595885, at *6 (D.N.J. Aug. 28, 2013) (citing *Banco Popular N. Am. v. Gandi*, 876 A.2d 253, 263 (N.J. 2005)).

In this case, all of the federal claims against defendants Muniak and Sheppard as well as the unnamed John Doe Lieutenant have been dismissed. Any state law claims are therefore presumably asserted pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367. However, when a court has dismissed all of the claims over which it had original jurisdiction against a defendant, the supplemental jurisdiction statute grants the Court discretion to dismissed the remaining state law claims against them. *See* 28 U.S.C. § 1367(c)(3). As plaintiff's federal claims against defendants Muniak, Sheppard and the unnamed John Doe Lieutenant have been dismissed at this early screening stage, the Court will also decline to exercise supplemental jurisdiction over his state law claims against these three defendants.

B. <u>Claims Against Warden Christopher Holmes</u>

Plaintiff claims that he wrote to defendant Holmes in November, 2012, regarding his rights being violated at the South Woods State Prison. Plaintiff states that he requested from Holmes that he order the defendants to not violate his rights by confiscating his legal materials.

Holmes responded to plaintiff that he needed to use the inmate remedy system to raise these issues. Plaintiff argues that Holmes failed to intervene to correct the unconstitutional actions of the defendants that he supervises. Furthermore, by Holmes inaction, he denied him access to the courts in light of plaintiff's confiscated legal materials.

"In order for liability to attach under § 1983, a plaintiff must show that a defendant was personally involved in the deprivation of his federal rights." *Fears v. Beard*, 532 F. App'x 78, 81 (3d Cir. 2013) (per curiam) (citing *Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "[L]iability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted). In this case, plaintiff's allegations against Holmes appear to be based primarily on a *respondeat superior* theory in his capacity as warden of the South Woods State Prison. This is typically insufficient to state a § 1983 claim.

Nevertheless, plaintiff claims that he put Holmes on notice of the purported constitutional violations by writing him in November, 2012. Several courts have explained that a plaintiff states a claim by alleging that a supervisory defendant reviewed a grievance where the plaintiff alleges an ongoing violation as that defendants is then "'personally involved in that violation because [s]he is confronted with a situation [s]he can remedy directly.'" *Carter v. Smith*, No. 08-279, 2009 WL 3088428, at *6 (E.D. Pa. Sept. 23, 2009) (quoting *Harnett v. Barr*, 538 F. Supp. 2d 511, 524-25 (N.D.N.Y. 2008)); *see also Zappulla v. Fischer*, No. 11-6733, 2013 WL 1387033, at *10 (S.D.N.Y. Apr. 5, 2013) ("[T]he Complaint further alleges that Defendant Lee, after being informed of that ongoing violation through the grievance process, failed to remedy that wrong. Those allegations . . . are adequate to state a claim against Lee.") (citations omitted);

15

*Whitehead v. Rozum*, No. 11-102, 2012 WL 4378193, at *2 (W.D. Pa. Aug. 7, 2012) ("In the prison setting, where a grievance alleges an ongoing constitutional violation, a supervisory defendant who reviews it is personally involved in that violation because he is confronted with a situation he can remedy directly.") (citations omitted), *report and recommendation adopted by*, 2012 WL 4370929 (W.D. Pa. Sept. 24, 2012); *Williams v. Johnson*, No. 10-1290, 2011 WL 1396967, at *5 (E.D. Va. Apr. 11, 2011) ("In support of his argument, Williams states that Johnson was made aware of these violations through appeals to denials of grievances that Williams filed.  To the extent that the [allegations] relate to ongoing constitutional violations that defendant Johnson was made aware of, Williams has plausibly stated a claim for which Johnson made be liable."); *Binsack v. Lackawanna Cnty. Prison*, No. 10-535, 2010 WL 4973309, at *3 (M.D. Pa. Oct. 14, 2010) ("A prisoner's grievance or complaint regarding ongoing abuse may be sufficient to put a prison official on notice of such abuse by other prison staff and therefore may show actual knowledge of an alleged constitutional violation and acquiescence in the events forming the basis of a prisoner's claims.") (citing *Atkinson v. Taylor*, 316 F.3d 257, 270-71 (3d Cir. 2003)), *report and recommendation adopted by*, 2010 WL 4956329 (M.D. Pa. Dec. 1, 2010).

In the instant case, however, plaintiff has not stated a constitutional violation, must less an ongoing violation.  Indeed, plaintiff failed to state that the confiscation of his legal materials was an ongoing violation that Holmes could remedy directly as plaintiff only alleges that the confiscation of his legal materials occurred once.  Furthermore, for the reasons previously stated, plaintiff failed to allege even a constitutional violation for this confiscation as he failed to allege arguable claims that he was prevented from raising to sustain that a constitutional violation had

actually taken place. Accordingly, plaintiff's § 1983 claims against Holmes will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

Plaintiff also raises claims under 42 U.S.C. § 1985 and 1986 against Holmes. As previously noted, to state a § 1985 claim, a plaintiff must allege, "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Farber*, 440 F.3d at 134 (internal quotation marks and citations omitted). With respect to the second element, "a claimant must allege some racial *or perhaps otherwise class-based*, invidiously discriminatory animus behind the conspirators' action in order to state a claim." *Id.* at 135 (emphasis in original) (internal quotation marks and citation omitted). Plaintiff fails to allege some racial or perhaps otherwise class based animus behind Holmes behavior. Therefore, plaintiff fails to state a § 1985 claim. Furthermore, as plaintiff's § 1985 claim fails, so does his § 1986 claim against Holmes. *See Heath*, 442 F. App'x at 718 (citing *Rogin*, 616 F.2d at 696).

For all of the foregoing reasons, the claims against Holmes will be dismissed without prejudice for failure to state a claim.

  C. Claims Against Greg Lanoza, David Metelow & Gary Lanigan

Plaintiff's claims against defendants Lanoza, Metelow and Lanigan are similar to his claims against Warden Holmes. The only main difference between these claims and the claims against Holmes is the date upon which plaintiff informed these defendants of the purported constitutional violations (December 19, 2012 for Lanoza, February 21, 2013 for Metelow and November 28, 2012 for Lanigan). However, similar to the claims against Holmes, plaintiff

17

alleges that these three defendants failed to intervene to correct the unconstitutional actions of the defendants for whom they supervise which caused plaintiff harm as he was denied access to the courts due to the confiscation of his legal papers. Additionally, as to defendant Lanoza only, plaintiff also alleges a § 1985 and § 1986 claim. However, plaintiff's claims against these three defendants fail to state a claim upon which relief can be granted for the same reasons as to why he failed to state claims against Holmes. *See infra* Part IV.B. Therefore, the claims against these defendants will also be dismissed without prejudice.

   D. Request for Appointment of Counsel

Plaintiff has requested the appointment of counsel. (*See* Dkt. No. 4.) Indigent persons raising civil rights claims have no absolute constitutional right to counsel. *See Parham*, 126 F.3d at 456-57. In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n. 5 (3d Cir. 1993); *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (per curiam) (reiterating the *Tabron* factors).

Applying these factors to this case, the Court will deny plaintiff's request for the appointment of counsel. It is worth noting that the complaint is being dismissed without prejudice due to a failure to state a claim. Thus, plaintiff's request for the appointment of counsel will also be denied without prejudice as plaintiff has yet to even state a claim upon which relief can be granted.

## V.	CONCLUSION

For the foregoing reasons, the complaint will be dismissed.  An appropriate order will be entered.


DATED:  April 24, 2014


                                      s/Robert B. Kugler
                                     ROBERT B. KUGLER
                                     United States District Judge