**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

KEITH HASSON DRAKE,             :
                                       :
        Plaintiff,            :          Civ. No. 13-3868 (RBK) (KMW)
                                       :
v.                                  :
                                     :              **OPINION**
ROSELLEN G. MUNIAK, et al.,    :
                                     :
        Defendants.      :
_____:

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff is a state prisoner incarcerated at the South Woods State Prison in Bridgeton, New Jersey. He is proceeding _pro se_ with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983.

On April 14, 2014, this Court dismissed Plaintiff's complaint without prejudice after being screened. On September 2, 2014, Plaintiff filed a motion for leave to file an amended complaint, which will be granted and the Clerk will be ordered to file the amended complaint. Plaintiff submitted his proposed amended complaint to this Court on the same day, hence the clerk will be ordered to reopen this case. At this time, the Court must review the proposed amended complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the amended complaint will be dismissed without prejudice with the exception of Plaintiff's Fifth Amendment claim, which will be dismissed with prejudice.

## II. BACKGROUND

The allegations of the amended complaint will be construed as true for purposes of this screening. Plaintiff names the following individuals as defendants in his amended complaint: (1) Rosellen G. Muniak – Law Librarian South Woods State Prison; (2) Sergeant M. Sheppard – South Woods State Prison; (3) Lieutenant "John Doe" – South Woods State Prison; (4) Christopher Holmes – Warden South Woods State Prison; (5) Greg Lanoza – Assistant Administrator South Woods State Prison; (6) David Metelow – Education Supervisor South Woods State Prison; and (7) M. Brown[1] – librarian and educator at South Woods State Prison. Plaintiff seeks monetary damages from each Defendant.

A. Plaintiff's Original Complaint

In his original complaint, Plaintiff brought suit against Defendants Muniak, Sheppard, and Doe under 42 U.S.C. § 1983 for violating his First Amendment rights by reading through his legal materials, confiscating his legal materials, keeping him from the law library, keeping him from assisting other inmates with their legal matters, keeping him from using the legal photocopying service, and deliberately failing to inform him of rules and procedures pertaining to use of the law library. Plaintiff also raised an Eighth Amendment claim pertaining to the confiscation of his legal materials, and a Sixth Amendment claim pertaining to his lack of an attorney. Plaintiff lastly sued Defendants Muniak, Sheppard, and Doe under 42 U.S.C. § 1985 (conspiracy to interfere with civil rights), and § 1986 (neglecting to prevent a foreseeable and preventable harm).

Plaintiff also alleged that Defendants Christopher Holmes and Greg Lanoza were similarly liable under § 1983, § 1985, and § 1986 through both respondeat superior and being put

---

[1] In his original complaint, Plaintiff named Gary Lanigan, Director of the New Jersey Department of Corrections, as the seventh Defendant.

on notice of a constitutional violation. Plaintiff also claimed that defendant David Metelow was liable for "inaction" in his supervisory role. Lastly, Plaintiff stated Gary Lanigan was liable for "failure to intervene" in events he knew or should have known were happening.

In response to the original complaint, this Court dismissed Plaintiff's § 1983 claims against Defendants Holmes, Lanoza, Metelow, and Lanigan without prejudice both because a respondeat superior theory is "typically insufficient to state at § 1983 claim," and because Plaintiff did not state a claim upon which relief could have been granted. *See* Dkt. Entry No. 5 at 16-17. The court also dismissed Plaintiff's §§ 1985 and 1986 claims against these Defendants, without prejudice, for the same reasons.

As to Defendants Muniak, Sheppard, and Doe, this Court dismissed the following claims without prejudice for failure to state a claim upon which relief can be granted: (1) reading Plaintiff's legal materials; (2) confiscating Plaintiff's legal materials and thereby denying him access to the courts; (3) keeping Plaintiff from using the legal photocopying services; (4) failing to inform Plaintiff of the rules and procedures governing use of the law library; and (5) §§ 1985 and 1986 claims for conspiracy and negligence, respectively. Furthermore, the following claims against these Defendants were dismissed with prejudice: (1) Eighth Amendment claim alleging that confiscating his legal materials caused him to do many hours more work than would have otherwise been required; (2) Sixth Amendment right to counsel claim; and (3) keeping Plaintiff from assisting other inmates with their legal matters.

## B. Plaintiff's Amended Complaint

Plaintiff raises anew many of the allegations from the original complaint that were dismissed without prejudice. Plaintiff does not re-raise his §§1985 and 1986 allegations, and he

trades Gary Lanigan for M. Brown as his seventh defendant. The allegations from Plaintiff's amended complaint are explained in more detail below.

     i. *Allegations against Defendants Muniak, Sheppard, and Doe*

Plaintiff again raises similar factual allegations against Defendants Muniak, Sheppard, and Doe. First, Plaintiff claims that these Defendants violated his constitutional rights by reading and inspecting his legal materials. He relies on the fact that Defendants stated on a disciplinary report that they reviewed data from a disk. *See* Dkt. Entry No. 12 at 5. Next, Plaintiff alleges that these three Defendants not only read his legal materials but that they also confiscated them. By confiscating this material, Plaintiff alleges he was unable to petition the courts for redress. Plaintiff also mentions that his post-conviction relief petition was denied on August 31, 2012. By confiscating this material, Plaintiff states that he had to do his legal research and writing "all over again." Plaintiff also alleges that Defendants kept him from using the "legal photocopying services." This then prevented him from sending legal materials to the courts or his attorney. *Id.* at 6. Thus, Plaintiff claims that confiscating his legal materials and disallowing access to the photocopier deprived him access to the courts. *Id.*

Plaintiff also contends that these three Defendants deprived him of assisting other inmates with their legal matters. Indeed, as an example, Plaintiff notes that his confiscated disk also contained the legal materials of other prisoners.

Plaintiff adds the contention that these three Defendants deprived him of his Fifth Amendment right to due process of law to his amended complaint.

Lastly, Plaintiff again contends that Defendant Muniak "deprived [him] of the rules and procedures concerning the operation of [the law library]," and therefore Plaintiff should not have received his initial disciplinary report. *Id.* at 5.

4

ii. *Allegations against Holmes*

Plaintiff alleges that he wrote to Warden Holmes on November 9, 2012 and reported that his rights were being violated at South Woods State Prison with respect to his legal materials being confiscated. Holmes responded to Plaintiff on November 13, 2012, and instructed Plaintiff that he needed to use the inmate remedy system to pursue this issue. Plaintiff again claims in his amended complaint that Holmes was put on notice of and then "failed to remedy" the unconstitutional actions of Muniak, Sheppard, and Doe, whom he supervises.

iii. *Allegations against Lanoza*

Plaintiff also asserts that he wrote to several New Jersey Department of Corrections' employees on December 19, 2012 that his rights were being violated at the South Woods State Prison. He again claims that Lanoza "failed to remedy" the unconstitutional actions of Defendants Muniak, Sheppard, and Doe, whom he supervises.

iv. *Allegations against Metelow*

Plaintiff alleges that he wrote to Metelow on February 21, 2013 to notify him that his rights were being violated at the South Woods State Prison. Plaintiff requested that Metelow instruct Muniak to comply with affording him his constitutional rights concerning his legal materials being confiscated. Metelow wrote back to Plaintiff on March 13, 2013, and stated that the information that Plaintiff submitted needed to be placed on the inmate remedy form. Plaintiff again claims that Metelow "failed to remedy" the unconstitutional actions of Muniak, whom he supervises.

v. *Allegations against M. Brown*

Plaintiff now alleges that he asked M. Brown, the law librarian, for extra time in the law library for the purposes of writing a brief. Plaintiff also alleges that Brown ignored both his and

his attorney's requests for additional time, despite knowing the impending due date for the brief. Plaintiff claims that Brown's actions caused him harm as he had to petition the Court for extra time and then handwrite his "180 page" brief. *See* Dkt. Entry No. 12 at 8.

## III. STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *see also Fair Wind Sailing v. Dempster*, 764 F.3d 303, 308 (3d Cir. 2014). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured…

*See* 42 U.S.C. § 1983.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. DISCUSSION

A. Claims against Defendants Rosellen G. Muniak, Sergeant M. Sheppard, and Lieutenant John Doe

As previously described, Plaintiff raises several claims against Defendants Muniak and Sheppard as well as an unnamed Lieutenant, John Doe. Each of his claims is considered in turn.

i. *Reading Legal Materials Claim*

Plaintiff first alleges that defendants Muniak, Sheppard, and Doe are liable under the First Amendment for reading his legal materials. A plaintiff may state a First Amendment claim against Defendants who read his legal materials if he alleges that there was a pattern or practice of opening and reading his legal materials outside of his presence. *See Schreane v. Holt*, 482 F. App'x 674, 676-77 (3d Cir. 2012) (per curiam) ("Prisoners may establish a violation of the First Amendment without establishing actual injury where there is a pattern and practice of opening properly marked incoming legal mail outside the prisoner's presence.") (citing *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006)); *see also Thompson v. Hayman*, No. 09-1833, 2011 WL 2652185, at *5 (D.N.J. July 6, 2011).

Plaintiff has alleged neither "actual injury" nor that Defendants engaged in a pattern and practice of reading his legal materials. Instead, the amended complaint alleges that Plaintiff's legal materials were read and confiscated once. Furthermore, the amended complaint does not allege that this solitary incident was due to any improper motive. Therefore, Plaintiff again fails to state a claim that his First Amendment rights were violated because his legal materials were purportedly read by Defendants Muniak, Sheppard and/or Doe outside of his presence one time. *Accord Nixon v. Secretary Pennsylvania Dep't of Corrections*, 501 F. App'x 176, 178 (3d Cir. 2012) (holding that a single, isolated incident where a prisoner's mail was confiscated and destroyed did not state a claim for violation of the First Amendment); *Hale v. Pennsylvania Dep't of Corr.*, No. 07-0345, 2010 WL 3791833, at *3 (M.D. Pa. Sept. 16, 2010) ("Isolated incidents of opening legal mail outside of an inmate's presence, without any evidence of improper motive, is nothing more than an assertion of negligence, and is insufficient to establish

a constitutional violation.") (citations omitted). Accordingly, this claim will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

ii. *Confiscation of Legal Materials Claim*

Plaintiff next raises several allegations related to the confiscation of his legal materials. More specifically, Plaintiff alleges that Defendants confiscated a disk containing legal petitions seeking to redress grievances. He further alleges that the confiscation deprived him of the right to participate in the use of the law library reference materials.

Plaintiff argues that his First and Fourteenth Amendment rights were violated by being denied access to the courts. "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' – that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit." *Id.* (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Thus, to satisfy the requisite pleading requirements, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id.* at 205-06 (footnote omitted) (citing *Christopher*, 536 U.S. at 416-17).

In *Monroe*, the Third Circuit determined that the complaint failed to state an access to courts claim upon which relief could be granted and stated the following:

> In this case, the Defendants confiscated all of the plaintiffs' contraband and non-contraband legal materials, including their legal briefs, transcripts, notes of testimony, exhibits, copies of reference books, treatises, journals, and personal handwritten notes. In their initial pleadings, the plaintiffs' claim rested solely on

the ground that the defendants confiscated their legal materials, contraband and non-contraband alike. That claim, on its face, was insufficient to state a claim under *Harbury*. So too were their subsequent amendments, which alleged that they lost the opportunity to pursue attacks of their convictions and civil rights claims but did not specify facts demonstrating that the claims were nonfrivolous. Nor did they maintain that they had no other remedy to compensate them for their lost claims. Even liberally construing their complaints as we must do for *pro se* litigants, they do not sufficiently allege that they have suffered an actual injury.

536 F.3d at 206 (internal citation and footnote omitted).

Here, as in the original complaint, Plaintiff fails to adequately describe the underlying arguable claims that he was prevented from raising due to the confiscation of his legal materials. In fact, Plaintiff only writes that he could not "petition the government for a redress of grievance" in order to challenge his sentence. *See* Dkt. Entry No. 12 at 10. Absent is any explanation of how the confiscation in question affected this potential claim. Also absent is any description of the "lost remedy" required by *Christopher*. *See* 536 U.S. at 417. Therefore, pursuant to the pleading standards set forth above, Plaintiff has again failed to state a First and Fourteenth Amendment access to the courts claim. Plaintiff was already given leave to amend this claim once, and because it is still possible that an amendment could cure this deficiency, the Court will dismiss this claim without prejudice.

ii. *Photocopying Services Claim*

Plaintiff claims that Defendants violated his right to use the legal photocopying services by confiscating his legal materials. According to Plaintiff, by confiscating his legal materials, Plaintiff "was unable to use the Legal Photocopying Services to send his legal petitions to the courts to redress" grievances. *See* Dkt. Entry No. 1 at 8.

Similar to Plaintiff's access to the courts claim, this claim again fails as Plaintiff does not show that he suffered an actual injury due to the inaccessibility of the photocopying services.

Therefore, like Plaintiff's Fourteenth Amendment claim, this claim will be dismissed without prejudice for failure to state a claim.

### iii. *Muniak's Failure to Inform Plaintiff of Rule Change Claim*

Plaintiff alleges that Defendant Muniak violated his rights by not informing him of the rules and procedures concerning personal computers and word processors at the South Woods State Prison. According to Plaintiff, Muniak revised the personal computer/word processing agreement which led to a disciplinary charge being levied against him.

When Plaintiff filed his original complaint, this Court wrote that "[i]t is unclear under what constitutional basis Plaintiff is attempting to raise this claim. Accordingly, the Court finds that this claim lacks facial plausibility under the *Iqbal* standard." *Drake v. Muniak*, No. 13-3868, 2014 WL 1665045, at *7 (D.N.J. Apr. 24, 2014). This remains true in Plaintiff's amended complaint. Thus, this claim will also be dismissed without prejudice for failure to state a claim for a final time.

### iv. *Violation of Plaintiff's Fifth Amendment Due Process Rights*

Plaintiff newly asserts that Defendants Muniak, Sheppard, and Doe violated his due process rights by confiscating his legal materials. Plaintiff relies on the fact that his confiscated materials were "non-contraband" and that this was seemingly done for no reason. On this issue, the Supreme Court of the United States has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Third Circuit has also held that prisoners usually "ha[v]e an adequate post-deprivation remedy in the grievance

program" of a prison. *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000); *see also Reynolds v. Wagner*, 128 F.3d 166, 181 (3d Cir. 1997) (same).

  Here, Plaintiff readily admits that the prison's grievance system is a post-deprivation remedy that is available to him. Plaintiff contends that he has availed himself of the prison's grievance system, and remains dissatisfied. Plaintiff contends that he utilized the Inmate Remedy System at South Woods State Prison at least three times. *See* Dkt. Entry No. 12 at 9. Plaintiff reports that he was sent a response that read, "disk confiscated due to your violation of institutional rules (.208 possession of property belonging to another). Please note that confiscated materials are not returned to the violator." *Id*. Plaintiff does not allege that this response was either untrue or in error. To wit, "[t]he failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." *McEachin v. Beard*, 319 F. Supp. 2d 510, 515 (E.D. Pa. 2004) (quoting *Gordon v. Vaughn*, 1999 WL 305240, at *2 (E.D.Pa. May 12, 1999)) (internal citations omitted); *see also Okey v. Strebig*, 531 F. App'x 212, 216 (3d Cir. 2013) (quoting *Flanagan v. Shively*, 783 F. Supp. 922, 931-32 (M.D. Pa. 1992), *aff'd*, 980 F.2d 722 (3d Cir. 1992)).

  Because any amendment to the amended complaint would be futile on this point, Plaintiff's due process claim is dismissed with prejudice.

B. Claims against Warden Christopher Holmes

  Plaintiff claims that he wrote to Defendant Holmes in November of 2012, regarding his rights being violated at the South Woods State Prison. Plaintiff states that he requested Holmes order the Defendants to return Plaintiff's legal materials. Holmes responded to Plaintiff that he needed to use the inmate remedy system to raise these issues. In Plaintiff's original complaint, he argued that Holmes failed to intervene to correct the unconstitutional actions of the Defendants

that he supervises and that this, ultimately, denied him access to the courts. In his amended complaint, Plaintiff reiterates the same argument but adds that Holmes had "personal involvement or actual knowledge and acquiescence" [sic]. The addition of this blind assertion does not cure the complaint's original defects. *See Twombly*, 550 U.S. at 555.

    "In order for liability to attach under § 1983, a plaintiff must show that a defendant was personally involved in the deprivation of his federal rights." *Fears v. Beard*, 532 F. App'x 78, 81 (3d Cir. 2013) (per curiam) (internal citations omitted). "[L]iability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted).

    Here, Plaintiff claims that Warden Holmes had "actual knowledge" of the purported violation because he wrote to Holmes in November of 2012. As this Court noted when it reviewed the original complaint, a plaintiff may state a claim by alleging that a supervisory defendant reviewed a grievance where the plaintiff alleges an ongoing violation. *See Carter v. Smith*, No. 08-279, 2009 WL 3088428, at *6 (E.D. Pa. Sept. 23, 2009) (internal quotations omitted); *see also Whitehead v. Rozum*, No. 11-102, 2012 WL 4378193, at *2 (W.D. Pa. Aug. 7, 2012) ("In the prison setting, where a grievance alleges an ongoing constitutional violation, a supervisory defendant who reviews it is personally involved in that violation because he is confronted with a situation he can remedy directly.") (internal citations omitted). In the instant case, however, Plaintiff has still not stated a constitutional violation, much less an ongoing one. Indeed, Plaintiff failed to state that the confiscation of his legal materials was ongoing as the confiscation occurred only once. Furthermore, as previously discussed, Plaintiff again failed to allege arguable claims that he was prevented from raising in court in order to sustain a

constitutional violation. Accordingly, Plaintiff's § 1983 claims against Warden Holmes will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

C. Claims against Greg Lanoza and David Metelow

Plaintiff's claims against Defendants Lanoza and Metelow are similar to his claims against Warden Holmes. The only main difference between these claims and the claims against Holmes is the date upon which Plaintiff informed these Defendants of the purported constitutional violations (December 19, 2012 for Lanoza and February 21, 2013 for Metelow). However, similar to the claims against Holmes, Plaintiff alleges that these two Defendants failed to remedy the unconstitutional actions of the Defendants they supervise. *See supra* Part IV.B. However, as explained above, there was no colorable unconstitutional action pleaded in the amended complaint. Because the nature of the claims against Lanoza and Metelow are identical to those against Holmes, the claims against these Defendants will also be dismissed without prejudice for a final time.

D. Claims against M. Brown

In Plaintiff's amended complaint, Plaintiff claims that his disk was "lost, stolen, or misplaced" while under Brown's care and control. Plaintiff also claims that he asked Brown "on several occasions" if he could have extra time to retype his brief that was on his stolen disk. Plaintiff alleges that, because Brown ignored Plaintiff's requests, he had to handwrite his 180-page brief.

As with Plaintiff's claim against Defendant Muniak regarding the rules and procedures governing use of the law library, it is unclear under what constitutional basis Plaintiff is attempting to raise this claim. Accordingly, the Court finds that this claim lacks facial plausibility under the *Iqbal* standard. Even if, however, the Court construed Plaintiff's claim

14

against M. Brown as an access to the courts claim, it would still fail. As with Plaintiff's claim regarding the confiscation of his legal materials, *supra* § IV.A.ii, Plaintiff fails to adequately describe the underlying arguable claims that he was prevented from raising due to the law library's relative lack of access.  Absent are both any explanation of how the law library affected Plaintiff's potential claims and any description of Plaintiff's lost remedy. *See Christopher*, 536 U.S. at 415; *Monroe*, 536 F.3d at 205.

As such, Plaintiff's claim against Defendant Brown is dismissed without prejudice for failing to state a claim upon which relief can be granted.

### V. GRANTING LEAVE TO AMEND

It is worth noting that all of Plaintiff's claims that were raised in the original complaint and dismissed without prejudice are again dismissed without prejudice as Plaintiff alleged no new facts in his amended complaint. Because of this, the Court doubts if there is anything new to learn and will consequently only grant leave for Plaintiff to amend the complaint one more time in order to cure the defects outlined above.

### VI. CONCLUSION

For the foregoing reasons, the amended complaint is dismissed. All of Plaintiff's claims are dismissed without prejudice, except for Plaintiff's Fifth Amendment claim against Defendants Muniak, Sheppard, and Doe, which is dismissed with prejudice. An appropriate order will be entered.


DATED:  May 7, 2015

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge