UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEITH HASSON DRAKE, :
:
    Plaintiff, :     Civ. No. 13-3868 (RBK) (KMW)
:
v. :
:     **OPINION**
ROSELLEN G. MUNIAK, et al., :
:
    Defendants. :
:

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff is a state prisoner incarcerated at the South Woods State Prison in Bridgeton, New Jersey. He is proceeding *pro se* with a proposed second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983.

On April 14, 2014, this Court dismissed Plaintiff's original complaint without prejudice after being screened. On September 2, 2014, Plaintiff filed a motion for leave to file an amended complaint, which was granted. On May 7, 2015, the Court dismissed said amended complaint and granted leave to amend a second time to cure its deficiencies. (ECF No. 16.)

Plaintiff then filed the instant motion on July 13, 2015 for leave to file a second amended complaint. (ECF No. 23.) The Court will direct the Clerk to reopen the case at this. Now, the Court must review the proposed second amended complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the second amended complaint will be dismissed in part without prejudice, and dismissed in part with prejudice. *See* FED R. CIV. P. 15(a)(2).

## II. BACKGROUND

The allegations of the second amended complaint will be construed as true for purposes of this screening. Plaintiff names the following individuals as defendants in his second amended complaint: (1) Rosellen G. Muniak – Law Librarian South Woods State Prison; (2) Sergeant M. Sheppard – South Woods State Prison; (3) Lieutenant "John Doe" – South Woods State Prison; (4) Christopher Holmes – Warden South Woods State Prison; (5) Greg Lanoza – Assistant Administrator South Woods State Prison; (6) David Metelow – Education Supervisor South Woods State Prison; and (7) M. Brown – librarian and educator at South Woods State Prison. Plaintiff seeks monetary damages from each Defendant.

A. Plaintiff's Original Complaint

In his original complaint, Plaintiff brought suit against Defendants Muniak, Sheppard, and Doe under 42 U.S.C. § 1983 for violating his First Amendment rights by reading through his legal materials, confiscating his legal materials, keeping him from the law library, keeping him from assisting other inmates with their legal matters, keeping him from using the legal photocopying service, and deliberately failing to inform him of rules and procedures pertaining to use of the law library. Plaintiff also raised an Eighth Amendment claim pertaining to the confiscation of his legal materials, and a Sixth Amendment claim pertaining to his lack of an attorney. Plaintiff lastly sued Defendants Muniak, Sheppard, and Doe under 42 U.S.C. § 1985 (conspiracy to interfere with civil rights), and § 1986 (neglecting to prevent a foreseeable and preventable harm).

Plaintiff also alleged that Defendants Christopher Holmes and Greg Lanoza were similarly liable under § 1983, § 1985, and § 1986 through both respondeat superior and being put on notice of a constitutional violation. Plaintiff also claimed that defendant David Metelow was

liable for "inaction" in his supervisory role. Lastly, Plaintiff stated Gary Lanigan was liable for "failure to intervene" in events he knew or should have known were happening.

In response to the original complaint, this Court dismissed Plaintiff's § 1983 claims against Defendants Holmes, Lanoza, Metelow, and Lanigan without prejudice both because a respondeat superior theory is "typically insufficient to state at § 1983 claim," and because Plaintiff did not state a claim upon which relief could have been granted. *See* Dkt. Entry No. 5 at 16-17. The court also dismissed Plaintiff's §§ 1985 and 1986 claims against these Defendants, without prejudice, for the same reasons.

As to Defendants Muniak, Sheppard, and Doe, this Court dismissed the following claims without prejudice for failure to state a claim upon which relief can be granted: (1) reading Plaintiff's legal materials; (2) confiscating Plaintiff's legal materials and thereby denying him access to the courts; (3) keeping Plaintiff from using the legal photocopying services; (4) failing to inform Plaintiff of the rules and procedures governing use of the law library; and (5) §§ 1985 and 1986 claims for conspiracy and negligence, respectively. Furthermore, the following claims against these Defendants were dismissed with prejudice: (1) Eighth Amendment claim alleging that confiscating his legal materials caused him to do many hours more work than would have otherwise been required; (2) Sixth Amendment right to counsel claim; and (3) keeping Plaintiff from assisting other inmates with their legal matters.

B. Plaintiff's Amended Complaint

Plaintiff raised anew many of the allegations from the original complaint that were dismissed without prejudice and added three new claims to the amended complaint.

Plaintiff's claims against Defendants Muniak, Sheppard, and Doe were largely identical to those contained in the original complaint. Plaintiff re-alleged that these Defendants violated his constitutional rights by reading and inspecting his legal materials, confiscating his legal materials, denying him access to the Legal Photocopying Service, disallowing him from assisting other inmates with their legal matters, and failing to inform him of the rules and procedures of the law library. Plaintiff added the contention that these three Defendants deprived him of his Fifth Amendment right to due process of law when they confiscated his materials. Plaintiff's claim regarding his ability to assist other inmates with their legal matters and his Fifth Amendment claim were dismissed with prejudice. The remaining claims were dismissed without prejudice and leave to amend was granted.

Plaintiff also re-alleged that Defendants Holmes, Lanoza, and Metelow violated his constitutional rights when they were put "on notice" of a constitutional violation and failed to remedy it. These claims were all dismissed without prejudice. Lastly, Plaintiff alleged that Defendant Brown, the law librarian, violated Plaintiff's rights by denying his request for additional time in the library. This claim was also dismissed without prejudice.

<u>Plaintiff's Second Amended Complaint</u>

Plaintiff raises anew many of the claims from his amended complaint that were dismissed without prejudice and adds two new claims. The claims within the second amended complaint are described with more detail below.

i. *Allegations against Defendants Muniak, Sheppard, and Doe*

Plaintiff again raises similar factual allegations against Defendants Muniak, Sheppard, and Doe. First, Plaintiff claims that these Defendants violated his constitutional rights by reading

4

and inspecting his legal materials. He relies on the fact that Defendants stated on a disciplinary report that they reviewed data from a disk. (ECF No. 23 at 5.) Next, Plaintiff alleges that these three Defendants not only read his legal materials but that they also confiscated them. By confiscating this material, Plaintiff alleges he was unable to petition the courts for redress, specifically, on Post-Conviction Relief ("PCR"). Plaintiff also alleges that Defendants kept him from using the "legal photocopying services," thus preventing him from sending legal materials to the courts or his attorney. (*Id.* at 6.) Plaintiff claims that confiscating his legal materials and disallowing access to the photocopier ultimately deprived him access to the courts. (*Id.*)

Lastly, Plaintiff again contends that Defendant Muniak "deprived [him] of the rules and procedures concerning the operation of [the law library]," and therefore Plaintiff should not have received his initial disciplinary report. (*Id.* at 5.) Specifically, Plaintiff now claims that Defendant Muniak revised the Word Processor Request Form after Plaintiff received his disciplinary report. Plaintiff then adds to the second amended complaint the allegation that these two facts, taken together, violate N.J.A.C. § 10A:4-3.1, which states that inmates have a right to know the rules and procedures by which they are meant to operate.

ii. *Allegations against Holmes*

Plaintiff alleges that he wrote to Warden Holmes on November 9, 2012 and reported that his rights were being violated at South Woods State Prison with respect to his legal materials being confiscated. Holmes responded to Plaintiff on November 13, 2012, and instructed Plaintiff that he needed to use the inmate remedy system to pursue this issue. Plaintiff again claims in his second amended complaint that Holmes was put on notice of a constitutional violation and then "failed to remedy" the actions of Muniak, Sheppard, and Doe, whom he supervised.

iii. *Allegations against Lanoza*

5

Plaintiff also asserts that he wrote to several New Jersey Department of Corrections' employees on December 19, 2012 that his rights were being violated at the South Woods State Prison. He again claims that Defendant Lanoza was therefore also "on notice" and "failed to remedy" the unconstitutional actions of Defendants Muniak, Sheppard, and Doe, whom he supervised.

      iv. *Allegations against Metelow*

Plaintiff alleges that he wrote to Metelow on February 21, 2013 to notify him that his rights were being violated at the South Woods State Prison. Plaintiff requested that Metelow instruct Muniak to afford him his constitutional rights concerning his legal materials being confiscated. Metelow wrote back to Plaintiff on March 13, 2013, and stated that the information that Plaintiff submitted needed to be placed on the inmate remedy form. Plaintiff again claims that Metelow "failed to remedy" the unconstitutional actions of Muniak, whom he supervises.

      v. *Allegations against M. Brown*

Plaintiff now alleges that M. Brown, the law librarian, is liable for the confiscation of Plaintiff's disk because he did not keep it in a safe place. Additionally, Defendant Brown is liable because he had a "duty to fix" the alleged constitutional violation and did not do so. (ECF No. 23 at 28.)

### III. STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *see also Fair Wind Sailing v. Dempster*, 764 F.3d 303, 308 (3d Cir. 2014). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured…

*See* 42 U.S.C. § 1983.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. DISCUSSION

A. Claims against all Defendants in their Official Capacities

Plaintiff adds to his second amended complaint an intention to sue all named Defendants both in their individual and official capacities, as opposed to just their individual capacities.

To be liable within the meaning of 42 U.S.C. § 1983, a defendant must be a "person." The Supreme Court held in *Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989), that a State or an official of a State acting in his or her official capacity is not a "person" within the meaning of § 1983. However, the Court was careful to note that, "our holding here … applies only to States or governmental entities that are considered *arms of the state* for Eleventh Amendment purposes." *Id.* at 70 (emphasis added) (internal quotations omitted).

8

The Eleventh Amendment provides that, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. This immunity is available to all States, as well as any entity considered "an arm of the state." *See Lake Country Estates v. Tahoe Reg'l Planning Agency*, 440 U.S. 391 (1979); *Mt. Healthy City Bd. of Educ. v. Boyle*, 429 U.S. 274 (1977); *Edelman v. Jordan*, 415 U.S. 651 (1974). In general, "a suit by private parties seeking to impose liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment," unless such immunity is explicitly waived. *Bell v. Holmes*, Civ. No. 13-6955, 2015 WL 851804, at *3 (D.N.J. Feb. 23, 2015); *see also Edelman,* 415 U.S. at 663. It is important to note that § 1983 does not override a State's Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 340 (1979). Thus, in order for a State or one of its agencies to be subject to a suit for money damages, it must consent to such a suit.

In this case, all Defendants are employees of South Woods State Prison, which is part of the Department of Corrections (the "Department"). In the Third Circuit, courts have consistently held that the Department and its subsidiaries are not "persons" subject to liability under § 1983. *See Wilson v. Haas*, No. 11-7001, 2012 WL 6761819, at *5 (D.N.J. Dec. 28, 2012); *Grabow v. S. State Corr. Facility*, 726 F.Supp. 537, 538-39 (D.N.J. 1989). All Defendants are therefore agents of a state entity, meaning they are not "persons" within the meaning of § 1983 when acting in their official capacities. *See Betts v. New Castle Youth Development Center*, 621 F.3d 249, 254 (3d Cir. 2010) ("Individual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity…") (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Because Defendants are not considered "persons" within the meaning of 42 U.S.C. § 1983, Plaintiff's

second amended complaint is dismissed with prejudice as to all Defendants in their official capacities.

B. Claims against Defendants Rosellen G. Muniak, Sergeant M. Sheppard, and Lieutenant John Doe in their Individual Capacities.

As previously described, Plaintiff raises several claims against Defendants Muniak and Sheppard as well as an unnamed Lieutenant, John Doe. Each of his claims is considered in turn.

i. *Reading Legal Materials Claim*

Plaintiff first re-alleges that Defendants Muniak, Sheppard, and Doe are liable under the First Amendment for reading his legal materials. A plaintiff may state a First Amendment claim against Defendants who read his legal materials if he alleges that there was a pattern or practice of opening and reading his legal materials outside of his presence. *See Schreane v. Holt*, 482 F. App'x 674, 676-77 (3d Cir. 2012) (per curiam) ("Prisoners may establish a violation of the First Amendment without establishing actual injury where there is a pattern and practice of opening properly marked incoming legal mail outside the prisoner's presence.") (citing *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006)); *see also Thompson v. Hayman*, No. 09-1833, 2011 WL 2652185, at *5 (D.N.J. July 6, 2011).

Plaintiff has, again, failed to allege any pattern or practice of reading his legal materials outside of his presence. Instead, the second amended complaint re-alleges that Plaintiff's legal materials were read once and whether Plaintiff was present is left unspecified. Therefore, Plaintiff fails to state a claim that his First Amendment rights were violated because his legal materials were purportedly read by Defendants Muniak, Sheppard and/or Doe one time. *Accord Nixon v. Secretary Pennsylvania Dep't of Corr.*, 501 F. App'x 176, 178 (3d Cir. 2012) (holding that a single, isolated incident where a prisoner's mail was confiscated and destroyed did not state a claim for violation of the First Amendment); *Hale v. Pennsylvania Dep't of Corr.*, No. 07-

10

0345, 2010 WL 3791833, at *3 (M.D. Pa. Sept. 16, 2010) ("Isolated incidents of opening legal mail outside of an inmate's presence, without any evidence of improper motive, is nothing more than an assertion of negligence, and is insufficient to establish a constitutional violation.") (citations omitted). Plaintiff has now had three opportunities to state claims and cure deficiencies in his pleadings and has failed. Thus, Plaintiff will have one final opportunity to correct deficiencies, if he chooses to do so. Plaintiff's claim is dismissed without prejudice for failure to state a claim upon which relief can be granted.

    ii. *Confiscation of Legal Materials Claim*

Plaintiff next raises several allegations related to the confiscation of his legal materials. More specifically, Plaintiff alleges that Defendants confiscated a disk containing legal petitions seeking to redress grievances. He further alleges that this confiscation deprived him of the right to participate in the use of the law library reference materials.

Plaintiff again argues that his First and Fourteenth Amendment rights were violated by being denied access to the courts. "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' – that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit." *Id.* (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Thus, to satisfy the requisite pleading requirements, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere

hope,' and it must describe the 'lost remedy.'" *Id.* at 205-06 (footnote omitted) (citing *Christopher*, 536 U.S. at 416-17).

In *Monroe*, the Third Circuit determined that the complaint failed to state an access to courts claim upon which relief could be granted and stated the following:

> In this case, the Defendants confiscated all of the plaintiffs' contraband and non-contraband legal materials, including their legal briefs, transcripts, notes of testimony, exhibits, copies of reference books, treatises, journals, and personal handwritten notes. In their initial pleadings, the plaintiffs' claim rested solely on the ground that the defendants confiscated their legal materials, contraband and non-contraband alike. That claim, on its face, was insufficient to state a claim under *Harbury*. So too were their subsequent amendments, which alleged that they lost the opportunity to pursue attacks of their convictions and civil rights claims but did not specify facts demonstrating that the claims were nonfrivolous. Nor did they maintain that they had no other remedy to compensate them for their lost claims. Even liberally construing their complaints as we must do for *pro se* litigants, they do not sufficiently allege that they have suffered an actual injury.

*Monroe*, 536 F.3d at 206 (internal citation and footnote omitted).

Here, as in both the original complaint and the amended complaint, Plaintiff fails to adequately describe the underlying arguable claims that he was prevented from raising due to the confiscation of his legal materials. Plaintiff adds to the second amended complaint an assertion that he was denied PCR in part because he could not submit to the court the documents on which he was working at the time of confiscation. The record, however, indicates that Plaintiff filed his petition for PCR with the Law Division on March 9, 2012, a full six months before the confiscation at issue. *See State v. Drake*, 2014 WL 1622108, at *2 (N.J. Super. Ct. App. Div. Apr. 24, 2014); (*see also* ECF No. 23 at 39.). Additionally, Plaintiff was represented by counsel when he appealed his denial of PCR to the Appellate Division and did, in fact, file a *pro se* supplemental brief arguing ineffective assistance of counsel. *Id*. Therefore, there is still absent any explanation of how the confiscation in question affected any potentially arguable claim. *See Monroe*, 536 F.3d at 206. Therefore, pursuant to the pleading standards set forth above, Plaintiff

has again failed to state a First and Fourteenth Amendment access to the courts claim and this claim will now be dismissed without prejudice for a final time.

      iii. *Photocopying Services Claim*

Plaintiff next re-alleges that Defendants violated his right to use the legal photocopying services by confiscating his legal materials. According to Plaintiff, by confiscating his legal materials, Plaintiff "was unable to use the Legal Photocopying Services to send his legal petitions to the courts to redress" grievances. (ECF No. 23 at 9.)

Similar to Plaintiff's access to the courts claim, this claim again fails as Plaintiff does not show that he suffered an actual injury due to the inaccessibility of the photocopying services. Therefore, like Plaintiff's Fourteenth Amendment claim, this claim will now be dismissed without prejudice for a final time.

      iv. *Muniak's Failure to Inform Plaintiff of Rule Change Claim*

Plaintiff next re-alleges that Defendant Muniak violated his rights by not informing him of the rules and procedures concerning personal computers and word processors at the South Woods State Prison. According to Plaintiff, Defendant Muniak revised the personal computer/word processing forms after a disciplinary charge was levied against Plaintiff, thus retroactively making Plaintiff's conduct against the rules.

When Plaintiff filed his original complaint, this Court wrote that "[i]t is unclear under what constitutional basis Plaintiff is attempting to raise this claim. Accordingly, the Court finds that this claim lacks facial plausibility under the *Iqbal* standard." *Drake v. Muniak*, No. 13-3868, 2014 WL 1665045, at *7 (D.N.J. Apr. 24, 2014). This remained true in Plaintiff's amended complaint, and remains true here in Plaintiff's second amended complaint. The Court will note, however, that all of the various "Rules and Procedures" and computer request forms Plaintiff

submitted with his second amended complaint are all dated "2011/2012" and all say the exact same thing: "No disk should be in use by an inmate but his assigned disk." (*See*, *e.g.*, ECF No. 23 at 40, 41, 42, 43, 44.) Therefore, it appears that the rules of the computer lab were static both before and after Plaintiff received his disciplinary report for using a disk belonging to another inmate. Nonetheless, this claim will now be dismissed without prejudice, for a final time, for failure to state a claim upon which relief can be granted.

       *v. Defendant Muniak violated N.J.A.C. § 10A:4-3.1*

Plaintiff adds to his second amended complaint a charge that Defendant Muniak violated state regulations by allegedly not informing Plaintiff of the rules of the law library in violation of N.J.A.C. § 10A:4-3.1. However, there is no private cause of action explicitly created by Title 10A of the New Jersey Administrative Code. *See Maqbool v. Univ. Hospital of Medicine & Dentistry of New Jersey*, 2012 WL 2374689, at *4 (D.N.J. June 13, 2012); *Ali v. D.O.C.*, 2008 WL 5111274, at *7 (D.N.J. Nov. 25, 2008). Therefore, because no private cause of action exists within the regulation at issue, Plaintiff's claim that Defendant Muniak violated N.J.A.C. § 10A:4-3.1 is dismissed with prejudice.

B. Claims against Warden Christopher Holmes

Plaintiff wrote to Defendant Holmes November 9, 2012, regarding his rights being violated at the South Woods State Prison. Plaintiff states that he requested Holmes order Defendants Muniak, Sheppard, and Doe to return Plaintiff's confiscated disk. Holmes responded to Plaintiff that he needed to use the inmate remedy system to raise these issues. In Plaintiff's amended complaint, he argued that Holmes failed to intervene to correct the unconstitutional actions of the Defendants that he supervises and that Holmes had "personal involvement or actual knowledge and acquiescence" [sic]. The addition of this blind assertion did not cure the

complaint's original defects. *See Twombly*, 550 U.S. at 555. Here, Plaintiff re-alleges both the argument that Defendant Holmes failed to intervene and that he had "actual knowledge" of a constitutional violation. (ECF No. 23 at 21.)

Plaintiff claims that Defendant Holmes had "actual knowledge" of the purported violation because he wrote to Holmes in November of 2012. As this Court noted when it reviewed the original and amended complaints, a plaintiff may state a claim by alleging that a supervisory defendant reviewed a grievance where the plaintiff alleges an ongoing violation. *See Carter v. Smith*, No. 08-279, 2009 WL 3088428, at *6 (E.D. Pa. Sept. 23, 2009) (internal quotations omitted); *see also Whitehead v. Rozum*, No. 11-102, 2012 WL 4378193, at *2 (W.D. Pa. Aug. 7, 2012) ("In the prison setting, where a grievance alleges an ongoing constitutional violation, a supervisory defendant who reviews it is personally involved in that violation because he is confronted with a situation he can remedy directly.") (internal citations omitted). In the instant case, however, Plaintiff has still not stated a constitutional violation, again failing to allege any arguable claims that he was prevented from raising in court due to Defendants' actions. Furthermore, Plaintiff failed to state that the confiscation of his legal materials was ongoing as the confiscation occurred only once. Accordingly, Plaintiff's § 1983 claims against Defendant Holmes will be dismissed without prejudice, for a final time, for failure to state a claim upon which relief can be granted.

C. Claims against Greg Lanoza and David Metelow

Plaintiff's claims against Defendants Lanoza and Metelow are similar to his claims against Defendant Holmes. The only real difference between these claims and the claims against Holmes is the date upon which Plaintiff informed these Defendants of the purported constitutional violations (December 19, 2012 for Lanoza and February 21, 2013 for Metelow).

However, similar to the claims against Holmes, Plaintiff alleges that these two Defendants failed to remedy the unconstitutional actions of the Defendants they supervise. However, as explained above, *see supra* § IV.B, there was no colorable unconstitutional action pleaded in the second amended complaint that these Defendants could have remedied. Because the nature of the claims against Lanoza and Metelow are identical to those against Holmes, the claims against these Defendants will also be dismissed without prejudice for a final time.

D. Claims against M. Brown

In Plaintiff's second amended complaint, Plaintiff claims that his disk was "lost, stolen, or misplaced" while under Brown's care and control and that Brown had "actual knowledge" of a constitutional violation and a "duty" to remedy it. (ECF No. 23 at 29.)

As with Plaintiff's claim against Defendant Muniak regarding the rules and procedures governing use of the law library, it is unclear under what constitutional basis Plaintiff is attempting to raise this claim. Accordingly, the Court finds that this claim lacks facial plausibility under the *Iqbal* standard. Even if, however, the Court construed Plaintiff's claim against M. Brown as an access to the courts claim, it would still fail. As with Plaintiff's claim regarding the confiscation of his legal materials, *supra* § IV.A.ii, Plaintiff fails to adequately describe the underlying arguable claims that he was prevented from raising due to Defendant Brown's alleged poor handling of the disk. If the Court were to construe Plaintiff's claim as one arising from a deprivation of property without due process of law theory, Plaintiff's claim would still fail. This is because "property loss caused by the intentional acts of government officials does not give rise to a procedural due process claim under § 1983 where a post-deprivation remedy satisfying … due process … is available under State law." *Williams v. Dewald*, 2009 WL 2391271, at *3 (D.N.J. July 31, 2009) (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)); *see also*

*Zinermon v. Burch*, 494 U.S. 113, 115 (1990); *Holman v. Hilton*, 712 F.2d 854, 856 (3d Cir. 1983). Here, the New Jersey Tort Claims Act ("NJTCA"), N.J. STAT. ANN. § 59:1-1, *et seq.*, provides a post-deprivation remedy rooted in State law. The NJTCA is meant to aid persons who believe they were deprived of property by the State or local government without due process. Plaintiff makes no indication that he attempted to file a claim pursuant to the NJTCA in this case. Therefore, because there was no constitutional violation here, Defendant Brown could not have had either "actual knowledge" of one or any "duty to fix it."

As such, Plaintiff's claim against Defendant Brown is dismissed without prejudice for a final time.

### V. DENYING APPOINTMENT OF COUNSEL

Plaintiff also asks the Court to appoint him counsel pursuant to 28 U.S.C. § 1915(e)(1). (*See* ECF No. 24.) In assessing whether appointment of counsel is appropriate, the Court must first ask whether there exists "some merit in fact and law" to Plaintiff's claim. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (internal quotations omitted). If the Court determines that Plaintiff's claims have some merit in fact and law, then there are additional factors the Court must consider. *Id*. Here, as explained above, Petitioner's claims have no merit in either fact or law, and thus his motion for appointment of counsel is denied.

### VI. CONCLUSION

For the foregoing reasons, Plaintiff's second amended complaint is dismissed and Plaintiff's request for the appointment of counsel is denied. All of Plaintiff's claims are dismissed without prejudice except Plaintiff's claims against Defendants in their official capacities, which are dismissed with prejudice, and Plaintiff's claim against Defendant Muniak

for violating N.J.A.C. § 10A:4-3.1, which is dismissed with prejudice. The Court reiterates that, for Plaintiff's claims that were dismissed without prejudice, Plaintiff will have one final opportunity to cure the deficiencies in the pleadings. If Plaintiff chooses to avail himself of this opportunity, but fails to cure the complaint's deficiencies, Plaintiff's remaining claims will be dismissed with prejudice. An appropriate order will be entered.


DATED:   March 22, 2016                              s/Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge