UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH HASSON DRAKE, : | |
| : | |
| Plaintiff, : | Civ. No. 13-3868 (RBK) (KMW) |
| : | |
| v. : | |
| : | |
| ROSELLEN G. MUNIAK, et al., : | **OPINION** |
| : | |
| Defendants. : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.     INTRODUCTION

Plaintiff, Keith Hasson Drake, is a state prisoner who is currently incarcerated at the East Jersey State Prison in Rahway, New Jersey. He is proceeding *pro se* with a proposed third amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, this Court dismissed Mr. Drake's other complaints at the screening stage. Upon dismissing his second amended complaint in March, 2016, this Court noted that it would give Mr. Drake one final opportunity to sufficiently state claims in a proposed third amended petition. Thereafter, Mr. Drake filed a request for an extension of time to submit a third amended complaint. (*See* Dkt. No. 29) Subsequently, Mr. Drake filed his third amended complaint. (*See* Dkt. No. 30)

Mr. Drake's request to file a third amended complaint beyond the time-frame that this Court previously allowed will be granted and the Clerk will be ordered to reopen this case so that the third amended complaint can be screened. At this time, this court must review the third amended complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, Mr. Drake's federal

claims will be dismissed with prejudice for failure to state a claim and this Court will decline to exercise supplemental jurisdiction over Mr. Drake's state law claims.

## II. BACKGROUND

The allegations of the third amended complaint will be construed as true for purposes of this screening opinion. Mr. Drake names three defendants in the third amended complaint; they are: (1) Rosellen G. Muniak; (2) Sgt. M. Sheppard; and (3) Lt. John Doe.

Mr. Drake's claims against these three defendants are largely identical to the claims he brought against these three defendants in his previous complaints. Mr. Drake's claims arise while he was incarcerated the South Woods State Prison. He states that the defendants violated his constitutional rights by confiscating a computer disk containing his legal materials that had been loaned to him in September, 2012. The defendants subsequently read his legal materials contained on the disk. He received a disciplinary report on September 14, 2012 for being in possession of property belonging to another inmate. Mr. Drake states that by confiscating his legal disk, this deprived him of the opportunity to present a past legal claim. Mr. Drake also alleges that the defendants denied him the right to legal photocopying services even though he was willing to pay for the cost of copy of the items that were on the disk that they confiscated. Mr. Drake further alleges that the defendants violated his rights under Section 10A of the New Jersey Administrative Code by their actions and that he was not informed by the defendants of the rules concerning personal computer/word processor usage at the facility.

As relief, Mr. Drake seeks the return of his confiscated legal materials as well as money damages.

### III.     LEGAL STANDARDS

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *see* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV.   DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

   A.   <u>Reading Legal Materials</u>

Mr. Drake asserts that the defendants are liable to him because they read his legal materials. This Court has previously explained what is needed to state such a claim. Indeed, a

4

plaintiff may state a First Amendment claim against defendants who read his legal materials if he alleges that there was a pattern or practice of opening and reading his legal materials outside of his presence. *See Schreane v. Holt*, 482 F. App'x 684, 676-77 (3d Cir. 2012) ("Prisoners may establish a violation of the First Amendment without establishing actual injury where there is a pattern and practice of opening properly marked incoming legal mail outside the prisoner's presence.") (citing *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006)); *see also Thompson v. Hayman*, No. 09-1833, 2011 WL 2652185, at *5 (D.N.J. July 6, 2011) (same).

  Similar to Mr. Drake's previous attempts to raise this claim in his other complaints, the third amended complaint fails to state a claim against the defendants for reading his legal materials as Mr. Drake fails to allege that the defendants were engaged in a pattern or practice of reading his legal materials. Instead, the third amended complaint alleges that the defendants reading his legal materials arose out of one incident in September, 2012. Thus, he fails to state a claim. *Accord Ortiz v. Prison Bd. Members*, No. 08-2126, 2011 WL 776195, at *4 (M.D. Pa. Feb. 28, 2011) (finding amended complaint failed to state First Amendment claim where there was no assertion that mail was opened outside of his presence pursuant to any pattern, practice or policy); *Hale v. Pennsylvania Dep't of Corr.*, No. 07-0345, 2010 WL 3791833, at *3 (M.D. Pa. Sept. 16, 2010) ("Isolated incidents of opening legal mail outside of an inmate's presence, without any evidence of improper motive, is nothing more than an assertion of negligence, and is insufficient to establish a constitutional violation.") (citations omitted). It is worth noting that Mr. Drake states at one point in his third amended complaint that his constitutional rights were violated when there was a pattern or practice that the defendants read or inspected prisoners' legal materials outside of their presence. (*See* Dkt. No. 30 at p. 14) However, such a statement by

5

Mr. Drake is conclusory and does not satisfy the *Iqbal/Twombley* facial plausibility standard that there was a pattern or practice of reading prisoners legal mail.

Mr. Drake has now had four opportunities to raise this claim to no avail. In light of the warning this Court gave Mr. Drake when his second amended complaint was dismissed, this Court will not give Mr. Drake another opportunity to raise this claim in another amended complaint. Therefore, it will be dismissed with prejudice.

B. Confiscation of Legal Materials

Mr. Drake also alleges that the defendants are liable because they confiscated his legal materials by taking a disk that had his legal materials on it. "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' – that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit." *Id.* (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Thus, to satisfy the requisite pleading requirements, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id.* at 205-06 (footnote omitted) (citing *Christopher*, 536 U.S. at 416-17).

In *Monroe*, the Third Circuit determined that the complaint failed to state an access to courts claim upon which relief could be granted and stated the following:

> In this case, the defendants confiscated all of the plaintiffs' contraband and non-contraband legal materials, including their legal briefs, transcripts, notes of testimony, exhibits, copies of reference books, treatises, journals, and personal handwritten

6

> notes. In their initial pleadings, the plaintiffs' claim rested solely on the ground that the defendants confiscated their legal materials, contraband and non-contraband alike. That claim, on its face, was insufficient to state a claim under *Harbury*. So too were their subsequent amendments, which alleged that they lost the opportunity to pursue attacks of their convictions and civil rights claims but did not specify facts demonstrating that the claims were nonfrivolous. Nor did they maintain that they had no other remedy to compensate them for their lost claims. Even liberally construing their complaints as we must do for *pro se* litigants, they do not sufficiently allege that they have suffered an actual injury.

536 F.3d at 206 (internal citation and footnote omitted).

Mr. Drake states that he was denied access to the courts by the disk being confiscated because he was not able to put forth a supplemental post-conviction relief petition. However, Mr. Drake provides this Court with no information regarding what claims he was not permitted to raise in his post-conviction relief proceedings as a result of the confiscation. Thus, he fails to state a claim because this Court cannot determine if such a claim was nonfrivoulous or arguable. Furthermore, as this Court noted in a prior opinion, Mr. Drake did in fact file a *pro se* supplemental brief during his post-conviction relief proceedings before the New Jersey Superior Court, Appellate Division. *See State v. Drake*, 2014 WL 1622108, at *2 (N.J. Sup. Ct. App. Div. Apr. 24, 2014). Similar to Mr. Drake's reading legal materials claim, this claim will also be dismissed with prejudice in light of the numerous opportunities Mr. Drake has been given to state a claim as well as this Court's previous warning that his third amended complaint would be his last chance to do so.

C. Photocopying Services

Mr. Drake also argues that the defendants denied him the right to legal photocopying services as he was willing to pay for the cost of each copy of the legal materials that were on the disk that was confiscated. Similar to the access to courts discussion above, this claim also fails as

Mr. Drake fails to show that he was actually injured to the purported failure to provide him with photocopying services. *See Kelly v. York Cnty. Prison*, 325 F. App'x 144, 145 (3d Cir. 2009). As previously indicated, Mr. Drake actually did file a supplemental brief on appeal during his post-conviction relief proceedings. Furthermore, he does not make any mention whatsoever of what type of claim he was prevented from raising. Accordingly, this claim will be dismissed with prejudice for failure to state a claim in light of the numerous opportunities previously given to Mr. Drake to state a claim and this Court's warning that this would be his last opportunity to raise a claim.

### D. Failure to Inform of Rules

Mr. Drake alludes to an argument that his rights were violated when the defendants did not fully disclose the rules, procedures and schedule concerning the operation of the facility. (*See* Dkt. No. 30 at p.22) As this Court has noted in prior opinions in this case, it is not clear what constitutional basis Mr. Drake is attempting to raise this claim under. Thus, this claim lacks facial plausibility under the *Iqbal* standard. Furthermore, documents from 2011/2012 that Mr. Drake has included regarding the policy in place indicate that the rules included language that "no disk should be in use by an inmate but his assigned disk." (*See* Dkt. No. 30-1 at p.3) Accordingly, this claim will be dismissed with prejudice for failure to state a claim in light of the numerous opportunities that Mr. Drake has had to sufficiently state a claim and this Court's prior warnings to Mr. Drake that this would be his last opportunity to do so.

### E. State Law

It appears as if Mr. Drake is also attempting to pursue state law claims. For example, he claims that the defendants violated the New Jersey Administrative Code in parts of his third amended complaint. However, as described above, all of Mr. Drake's federal claims against the

defendants have been dismissed. As there are no more federal claims remaining against any of the defendants, any remaining potential basis for Mr. Drake's state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, when a court has dismissed all claims over which it had federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See id.* § 1367(c)(3). Because the federal claims against the defendants no longer remain, this Court will exercise its discretion to decline supplemental jurisdiction over any state law claims Mr. Drake is pursuing in his third amended complaint.

## V.   CONCLUSION

For the foregoing reasons, Mr. Drake's federal claims against the defendants will be dismissed with prejudice for failure to state a claim upon which relief may be granted. Mr. Drake has now had four opportunities to sufficiently state a claim. Additionally, Mr. Drake warned in the prior dismissal of his second amended complaint that he would be given one more opportunity to file a third amended complaint that stated a federal claim. Having failed to do so here, dismissal of Mr. Drake's federal claims with prejudice is appropriate. This Court will decline to exercise supplemental jurisdiction over Mr. Drake's state law claims. An appropriate order will be entered.

DATED: March  23, 2017                                                    s/Robert B. Kugler
                                                                                            ROBERT B. KUGLER
                                                                                            United States District Judge