# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

KEITH HASSON DRAKE,

    Plaintiff,

Civ. No. 13-3868 (RBK) (KMW)

ROSELLEN G. MUNIAK, et al.,

**OPINION**

    Defendants.

**ROBERT B. KUGLER, U.S.D.J.**

## I.     INTRODUCTION

Plaintiff, Keith Hasson Drake, is a state prisoner proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, Mr. Drake's third amended complaint was dismissed with prejudice. Thereafter, Mr. Drake submitted a letter in which he seeks to have his case reopened. (*See* Dkt. No. 36) Accordingly, this Court will reopen this case for the sole purpose so that Mr. Drake's letter can be analyzed. This Court will construe this letter as a request for reconsideration of the dismissal of the third amended complaint with prejudice as well as a request for the appointment of counsel. For the following reasons, this request for reconsideration will be denied as will the request for the appointment of counsel.

## II.     BACKGROUND

On March 24, 2016, this Court summarily dismissed plaintiff's second amended complaint. The majority of plaintiff's claims were dismissed without prejudice. Having given plaintiff numerous opportunities to sufficiently state a claim upon which relief could be granted, this Court gave plaintiff one final opportunity to submit a third amended complaint that

sufficiently stated a claim. Plaintiff was given thirty days in which to submit his proposed third amended complaint for screening.

Plaintiff did not comply with this Court's order granting him thirty days in which to submit his third amended complaint. Nevertheless, on August 3, 2016, this Court received Mr. Drake's proposed third amended complaint. This Court permitted Mr. Drake to file his proposed third amended complaint out of time. This Court explained the allegations of the proposed third amended complaint as follows:

> The allegations of the third amended complaint will be construed as true for purposes of this screening opinion. Mr. Drake names three defendants in the third amended complaint; they are: (1) Rosellen G. Muniak; (2) Sgt. M. Sheppard; and (3) Lt. John Doe.
>
> Mr. Drake's claims against these three defendants are largely identical to the claims he brought against these three defendants in his previous complaints. Mr. Drake's claims arise while he was incarcerated the South Woods State Prison. He states that the defendants violated his constitutional rights by confiscating a computer disk containing his legal materials that had been loaned to him in September, 2012. The defendants subsequently read his legal materials contained on the disk. He received a disciplinary report on September 14, 2012 for being in possession of property belonging to another inmate. Mr. Drake states that by confiscating his legal disk, this deprived him of the opportunity to present a past legal claim. Mr. Drake also alleges that the defendants denied him the right to legal photocopying services even though he was willing to pay for the cost of copy of the items that were on the disk that they confiscated. Mr. Drake further alleges that the defendants violated his rights under Section 10A of the New Jersey Administrative Code by their actions and that he was not informed by the defendants of the rules concerning personal computer/word processor usage at the facility.
>
> As relief, Mr. Drake seeks the return of his confiscated legal materials as well as money damages.

*Drake v. Muniak*, No. 13-3868, 2017 WL 1102628, at *1 (D.N.J. Mar. 24, 2017).

With respect to his claim regarding reading his legal materials, this Court determined that Mr. Drake failed to allege that the defendants were engaged in a pattern or practice of reading his legal materials such that his allegations failed to state a claim. *See id.* at *3. Mr. Drake's access to courts allegations also failed to state a claim because he failed to state that the claims he wanted to assert were nonfrivolous and/or arguable. *See id.* at *4. Mr. Drake also failed to state a denial of right to photocopying claim because he failed to show any actual injury. *See id.* Finally, Mr. Drake's failure to inform of rules claims also failed to state a claim because it was not clear what constitutional basis Mr. Drake was asserting this claim under. *See id.* at *5.

Because of the numerous attempts Mr. Drake had been given to sufficiently state a claim, as well as this Court's prior warning to Mr. Drake in the March 24, 2016 opinion and order that he would only be given one more chance to sufficiently state a claim in a proposed third amended complaint, this Court dismissed Mr. Drake's federal claims with prejudice and declined to exercise supplemental jurisdiction over his state law claims on March 24, 2017. (*See* Dkt. Nos. 33 & 34)

In an undated letter postmarked May 8, 2017, but not received by this Court until May 10, 2017, Mr. Drake seeks to have his case reopened and requests that counsel be appointed to represent him.

### III.   DISCUSSION

A. <u>Request for Reconsideration</u>

In his letter postmarked May 8, 2017, Mr. Drake requests that this Court reopen this case. He states that he is a lay-man of the law and tried his best to correct his complaint to sufficiently state a claim.

Motions for reconsideration are filed pursuant to Federal Rule of Civil Procedure 59(e) and are governed by Local Civil Rule 7.1(i) which allows a party to seek reconsideration by the Court in matters in which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, No. 11–7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10–5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a plaintiff has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004). Additionally, Rule 59(e) requires that it be filed within twenty-eight days after the entry of judgment. *See* FED. R. CIV. P. 59(e).

Mr. Drake fails to show that reconsideration is warranted. First, his request appears to be untimely as it was filed more than twenty-eight days after March 24, 2017. Nevertheless, even if the request was timely, Mr. Drake fails to show that he is entitled to reconsideration. His letter fails to make any argument regarding an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error of law or fact or to prevent manifest injustice. Mr. Drake's *pro se* status alone does not constitute manifest injustice. Therefore, his request for reconsideration will be denied.

B. Request for the Appointment of Counsel

Mr. Drake has also requested the appointment of pro bono counsel. Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155-56, 157 n. 5; *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (reiterating the *Tabron* factors). The power to appoint counsel lies solely with the discretion of this Court. *See Parham*, 126 F.3d at 457.

Mr. Drake's request for the appointment of counsel will be denied. His proposed third amended complaint failed to survive the initial screening process and has been dismissed. Denying the motion for the appointment of counsel is appropriate at this time as plaintiff fails to meet the threshold requirement that there be some merit in fact or law to the claims.

## IV. CONCLUSION

For the foregoing reasons, Mr. Drake's request for reconsideration and for the appointment of pro bono counsel will be denied. An appropriate order will be entered.

DATED: May 19, 2017                     s/Robert B. Kugler
                                                                             ROBERT B. KUGLER
                                                                             United States District Judge